IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MERRY BELLE REYNOLDS,            )
                                 )
            Plaintiff,           )
                                 )
    vs.                          )       Civil Action No. 20-340-E
                                 )
KILOLO KIJAKAZI,[1]              )
*Acting Commissioner of Social Security*,   )
                                 )
            Defendant.           )

ORDER

AND NOW, this 16th day of May 2022, the Court, having considered the parties'

motions for summary judgment, will order judgment in favor of Defendant except as to costs.[2]

Substantial evidence supports the Administrative Law Judge's ("ALJ") decision—which is the

agency's final decision in this matter pursuant to 20 C.F.R. §§ 404.981, 416.1481—denying

Plaintiff's applications for disability insurance benefits ("DIB") and supplemental security

income ("SSI") under Title II of the Social Security Act ("Act"), 42 U.S.C. § 401 *et seq.*, and

Title XVI of the Act, 42 U.S.C. § 1381 *et seq.*, respectively.  Therefore, the Court will affirm the

decision.  *See* 42 U.S.C. § 405(g); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431

(3d Cir. 1999).[3]

---

[1]      Kilolo Kijakazi is hereby substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d).  This change does not impact the case.  42 U.S.C. § 405(g).  The Clerk is directed to amend the docket to reflect the substitution.

[2]      Defendant asks for judgment in her favor with costs taxed against Plaintiff.  (Doc. No. 15, pg. 2).  Because she has not argued the latter part of her request in the accompanying brief, the Court's order granting Defendant's Motion excludes an award of costs.  *See Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996).

[3]      Plaintiff asks the Court to reverse the ALJ's decision and order remand for calculation and award of benefits or, alternatively, to remand for further proceedings.  In support of her request, she presents two arguments: first, she argues that the ALJ harmfully erred when he

found Plaintiff's mental impairments were not *severe* impairments; second, she argues that the ALJ's RFC finding was incorrect and unsupported by substantial evidence in the record.  As explained herein, the Court is unpersuaded by Plaintiff's allegations of error and will affirm the decision by granting Defendant's motion.

ALJs adjudicate applications for benefits under the Act—for both Title II and Title XVI—using a five-step inquiry.  *Cefalu v. Barnhart*, 387 F. Supp. 2d 486, 492 (W.D. Pa. 2005).  The claimant pursuing benefits under the Act bears the burden of proof for the first four steps.  *Id.*  At step one, the ALJ asks whether the claimant is engaged in "substantial gainful activity."  *Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999) (citing 20 C.F.R. §§ 404.1520(a)).  Next, the ALJ asks whether the claimant has a severe medically determinable physical or mental impairment that is durationally sufficient.  *Id.* (citation omitted).  Third, the ALJ compares "medical evidence of the claimant's impairment" or impairments to a list of presumptively disabling impairments in the regulations at 20 C.F.R., pt. 404, subpt. P., appx. 1.  *Id.* (citation omitted).  If the claimant's impairment(s) meets or equals the criteria for a listed impairment, he or she has established disability without need of further inquiry.  *See id.*  If not, the ALJ moves on to the final two steps.  *Id.*  "Step four requires the ALJ to consider whether the claimant retains the residual functional capacity to perform . . . past relevant work."  *Id.* (citation omitted)).

A claimant's residual functional capacity ("RFC") is a finding of his or her maximum sustained work ability.  SSR 96-8P, 1996 WL 374184, at *1 (S.S.A. July 2, 1996); 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  When an ALJ finds a claimant's RFC, the ALJ must consider limitations that arise from any medically determinable impairment regardless of its severity.  20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2).  Considering the claimant's subjective representation of his or her symptoms, the ALJ first must establish that the alleged symptom(s) is attributable to a medically determinable impairment and then "evaluate the intensity and persistence of the claimant's symptoms to determine the extent to which those symptoms limit [her] ability to work."  *Sterrett v. Berryhill*, No. CV 17-63-E, 2018 WL 1400383, at *1 n.2 (W.D. Pa. Mar. 20, 2018).  Once the ALJ has derived the RFC from all the evidence, the ALJ can then determine whether the claimant's RFC permits his or her return to past relevant work either as he or she performed it "or as generally performed in the national economy."  *Funkhouser v. Colvin*, No. CV 16-137, 2017 WL 1162973, at *1 n.1 (W.D. Pa. Mar. 29, 2017) (citation omitted).

If at this penultimate step it becomes clear that the claimant cannot return to past work, the inquiry proceeds to the final step where it falls on the ALJ to identify other work that would be appropriate for the claimant given his or her RFC, age, education, and work experience.  *Plummer*, 186 F.3d at 428 (citation omitted).  If appropriate alternative work is nonexistent or insufficiently available, the claimant will be found to be disabled.  *Id.*  The ALJ's disability determination and findings must be supported by substantial evidence, which is a low "threshold for . . . evidentiary sufficiency."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  Such evidence is only "more than a mere scintilla," *i.e.*, the amount of evidence that would content a "reasonable mind."  *Id.* (citation omitted).  The standard is a deferential one.  *Schaudeck*, 181

F.3d at 431.  Of course, ALJs may not mischaracterize or overlook evidence.  *See Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981).  However, the substantial evidence standard of review is deferential enough that an ALJ's findings are not undermined by the "presence of evidence in the record that supports a contrary conclusion."  *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009).

Plaintiff's primary argument is that the ALJ erred in his step-two determination and that this error tainted the rest of the decision.  At step two, the ALJ in this matter found Plaintiff had five severe, medically determinable impairments: (1) obesity; (2) lumbosacral degenerative disc disease, herniated discs, and facet arthropathy; (3) arthritis of the sacroiliac joint; (4) cervical spondylosis; and (5) degenerative joint disease and a lateral meniscal tear of the left knee.  (R. 18).  The ALJ considered other alleged impairments but found they were either not medically determinable or not severe.  (R. 18—21).  For example, the ALJ considered Plaintiff's alleged stroke and tennis elbow, but he found "no medical evidence" of associated diagnoses.  (R. 18).  More importantly for purposes of Plaintiff's argument, the ALJ found that though Plaintiff's generalized anxiety disorder, unspecified major depressive disorder, substance abuse disorders, and post-traumatic stress disorder (hereinafter, Plaintiff's "mental impairments") were medically determinable, they were not demonstrably severe.  (R. 18—19).  His review of the record led him to find that Plaintiff's mental impairments had "no more than a minimal effect on the claimant's ability to meet the basic demands of work activity."  (R. 18).

Plaintiff argues that, to the contrary, the evidence proves her mental impairments were severe and that the ALJ failed to consider their combined severity.  She further argues that the ALJ failed to appropriately regard the step-two inquiry as a *de minimis* screening device.  (Doc. No. 14, pg. 8 (citing *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004)).  She argues that the ALJ's error was harmful because it "taint[ed] the rest of the . . . decision."  (*Id.* at pgs. 8, 10).  The Court disagrees.  Where, as here, the ALJ found as few as one severe, medically determinable impairment, Plaintiff advanced from step two to step three.  Accordingly, it is well-established that any alleged failure to find additional severe, medically determinable impairments was likely harmless.  *Salles v. Comm'r of Soc. Sec.*, 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007).  The harmfulness or harmlessness of such an alleged error is assessed by looking to the ALJ's RFC determination, which brings the Court to Plaintiff's second argument wherein she challenges the RFC finding.  As indicated *supra*, the Court must ensure that the ALJ considered all of Plaintiff's medically determinable impairments toward her RFC, regardless of their severity.  20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2).  Having reviewed the ALJ's decision in its entirety, *see Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004), the Court finds that the ALJ accounted for Plaintiff's mental impairments in his assessment of Plaintiff's RFC despite his finding that these impairments were non-severe at step two.

The RFC articulated by the ALJ in this matter included sedentary work with added physical limitations that restrict activities such as balancing, stooping, and climbing.  (R. 22). While the RFC alone does not demonstrate the ALJ's consideration of Plaintiff's mental impairments, the ALJ's discussion explaining how he arrived at the RFC clearly documents his

review of evidence pertaining thereto.  To start, the ALJ acknowledged that Plaintiff alleged being unable to work due, in part, to her "depression" and "anxiety."  (*Id.*).  He considered her allegations of related limitations, *e.g.*, that she was "down" most of the week and suffered panic/anxiety attacks around others.  (R. 23).  Despite these allegations, the ALJ noted that Plaintiff's "mental status examinations were generally unremarkable other than a mildly anxious mood and affect on occasion."  (R. 27, 19).  In another section of the decision, the ALJ found Plaintiff's mental impairments were "managed medically" and that she "had no persistent subjective complaints" after her alleged onset date.  (R. 19).  To that end, the ALJ noted that aggressive treatment had been unnecessary, as Plaintiff's "adherence to recommended medical management and medication compliance" adequately controlled her symptoms.  (*Id.*).  In his assessment of the four "broad functional areas of mental functioning," the ALJ found Plaintiff was only mildly limited in "understanding, remembering or applying information;" "interacting with others;" "concentrating, persisting or maintaining pace;" and  "adapting or managing oneself."  (R. 19—20).

Plaintiff's challenges to the ALJ's consideration of her mental-impairments evidence fall flat.  She suggests that the ALJ contradicted himself by describing her as being able to independently take her medications but also availing herself of assistance in this regard through the YWCA's "mobile medical" program.  (Doc. No. 14, pg. 8).  Reviewing the decision, the Court sees no mischaracterization of the evidence: read in context, the ALJ's reference to Plaintiff's independence refers to *taking* her medication.  To "take" medication is defined as the act of "introduc[ing] or receiv[ing]" medicine "into one's body."  "Take," *Merriam-Webster's Unabridged Dictionary*, Merriam-Webster, https://unabridged.merriam-webster.com/unabridged/take (last visited May 5, 2022).  Plaintiff points to no evidence in the record that would undermine the ALJ's description of Plaintiff's independence in this regard.  And while there is relevant evidence in the record that indicates Plaintiff could have improved upon her medication management, *e.g.*, R. 1009 (indicating effective medication management was a goal), the mere presence of evidence that might have supported a different finding does not undermine the ALJ's findings.  *See Malloy*, 306 Fed. Appx. at 764.

Plaintiff also pits her representation that she struggles to follow written and spoken directions against the ALJ's finding of only mild impairments of mental functioning.  Again, that the ALJ might have made a different finding based on the evidence does not undermine the finding that was made, and this Court may not, at Plaintiff's request, reweigh the evidence to arrive at her preferred alternative conclusion.  *Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (citing *Cotter*, 642 F.2d at 705).  Plaintiff argues that she is more than mildly limited in understanding/remembering/applying information and in maintaining concentration/persistence/pace.  For support, she looks to the State agency doctor's findings.  And while the State agency doctor found Plaintiff more limited than the ALJ ultimately found her to be, the ALJ explained that his more modest findings were due to Plaintiff's consistently unremarkable mental status examination findings.  (R. 26—27).  Plaintiff further argues—with little, if any, support—that it was error for the ALJ to find her to be mildly limited in all four

areas of mental functioning without including any corresponding mental limitations in the RFC. She explains:

> [T]he ALJ found that the claimant's mental impairments exist and are medically determinable.  He found that they cause limitations in all four areas of mental functioning, at least at a mild level.  Despite these facts, as found by the ALJ, the RFC contains absolutely no limitation on mental functioning at all.

(Doc. No. 14, pg. 12).  She continues that this apparent imbalance in finding mild limitations in one instance, but no functional limitations in another proves that the ALJ "ignored any mental limitations" for the RFC.  (*Id.*).  However, in Plaintiff's articulation of this argument, she cites no authority—and the Court is not aware of any—that mandates inclusion of mental limitations in the RFC anytime there is a finding of mild limitation(s) in the four areas of mental functioning.  Such categorical rules are inconsistent with the nature of this Court's review.  *Andrew S. v. Comm'r of Soc. Sec.*, No. CV 18-17212 (ES), 2022 WL 795746, at *2 (D.N.J. Mar. 16, 2022) (citing *Biestek*, 139 S. Ct. at 1157) ("Importantly, the substantial evidence standard does not give rise to categorical rules but rather depends on a 'case-by-case' inquiry.").

Overall, the ALJ's RFC finding is supported  by adequate evidence in the record.  Although evidence in the record indicated that Plaintiff had anxiety, depression, and memory loss (R. 298), simultaneous notes showed that she had intact judgment, insight, and memory for "recent and remote events."  (R. 299).  She was, at times, noted to be "anxious," "mildly anxious," or "somewhat anxious."  (R. 419, 547, 730, 743).  And the record indicated that stressful events, *e.g.*, housing and legal troubles, exacerbated her anxiety considerably.  (R. 725, 730, 1026).  Not only that, but Plaintiff's depression was brought on or worsened by her anxiety.  (R. 710, 715).  However, treatment notes from The Guidance Center, indicated that upon exam Plaintiff demonstrated organized thought process, fair judgment, full orientation, adequate memory, appropriate affect, and appropriate mood.  (R. 714).  Thus, the evidence bears out the ALJ's assessment of the mental impairments evidence wherein he acknowledged Plaintiff's mental impairments but determined they would not give way to any functional limitations because of their modest limiting effects.  *See Cosmas v. Comm'r of Soc. Sec.*, 283 Fed. Appx. 976, 978 (3d Cir. 2008) (rejecting a challenge to a full-range sedentary RFC because, despite the claimant's depressive disorder diagnosis, his mental status examination was "normal," he was fully oriented, had intact speech and good judgment, and was not suicidal).

Accordingly, the Court finds no error nor insufficiency of supporting evidence in the ALJ's RFC determination.  Because the RFC is supported by substantial evidence and unmarred by legal error, the Court need not address Plaintiff's argument that the ALJ presented an incomplete hypothetical question to the vocational expert.  *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005) (explaining that ALJs need only present to vocational experts such limitations as are "*credibly established*").  Nor her argument that the correct RFC would have led the ALJ to

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 13) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 15) is GRANTED as specified above.

/s Alan N. Bloch
United States District Judge

ecf:    Counsel of Record

---

find her disabled at step five of the inquiry.  For all these reasons, the Court will grant Defendant's motion.